JOHN RUSSELL, SR., Admr. of the Estate of John F. Russell, Jr., Deceased, Plaintiff-Appellant, v. CARLA J. NEWCOM, Defendant-Appellee.

(No. 73-106; )

Fifth District—December 17, 1973.

Hoagland, Maucker, Bernard & Almeter, of Alton (Donald L. Smith, of counsel), for appellant.

Gary E. Peel, of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from a judgment of the Circuit Court of Madison County denying his post-trial motion after a jury verdict in favor of the defendant.

On July 9, 1969 at approximately 8:40 P.M., plaintiff's intestate was operating a motorcycle in a northerly direction on Ninth Street in Woodriver Township, Madison County, Illinois, when it collided with the right side of defendant's automobile which had been traveling in a southerly direction on Ninth Street. Defendant's car at the time of the impact was making a left turn into an intersecting street known as Rosewood Lane.

Evidence offered on behalf of the defendant disclosed that defendant was operating her automobile in a southerly direction on Ninth Street, making a left turn at a speed of five to ten miles per hour into Rosewood Lane with her left turn signal operating, when the motorcycle operated by decedent came up over the crest of a hill and collided with the side of defendant's car.

The evidence most favorable to the defendant was that decedent was operating his motorcycle in a northerly direction on Ninth Street, going up a hill about ¼ of a mile in length just before the accident. The crest of the hill was approximately 100 feet from the place of the accident. Decedent was traveling about 60 to 70 miles per hour at the time of the accident in a 40 miles per hour speed zone and had passed a car about one-half way up the hill just prior to the accident.

The jury found in favor of the defendant but also found by its answer to a special interrogatory that decedent was free from any contributory negligence that was a proximate cause of the accident.

Plaintiff claims that the special verdict in favor of plaintiff is inconsistent with the general verdict in favor of defendant and that therefore the trial court erred in failing to set aside the general verdict in favor of defendant. Plaintiff also claims reversible error because of the opening statement and closing argument of defense counsel, because of erroneous admission into evidence of certain exhibits of the defendant and because of the trial court's giving of certain instructions tendered by defendant.

After an examination of the record we find that the judgment of the trial court was not against the manifest weight of the evidence, that no error of law appears, and that an opinion in this case would have no precedential value.

We therefore affirm the judgment of the Circuit Court of Madison County in accordance with Supreme Court Rule 23 (Ill. Rev. Stat., ch. 110A, par. 23).

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.